IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HERBERT ABNEY,<br>    TDCJ-CID NO.786458,<br>    Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-06-2156 |
| NATHANIEL QUARTERMAN,<br>    Respondent. | §<br>§<br>§ | |

OPINION ON DISMISSAL

Petitioner James Herbert Abney, a state inmate proceeding *pro se*, seeks habeas relief from a disciplinary conviction in case number 20050179369, which resulted in the loss of commissary and recreational privileges, a reduction of class line status, and the forfeiture of good conduct credit. (Docket Entry No.1). Petitioner contends that he was denied due process at the disciplinary hearing because he was not allowed to question witnesses or the charging officer, the evidence was insufficient to support the conviction, and the form charging him with a disciplinary violation was fatally defective. (*Id.*).

DISCUSSION

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good conduct credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995).

Petitioner indicates that he is not eligible for mandatory supervision. Therefore the loss of his good conduct credits does not implicate a protected liberty interest. Moreover, the other changes in petitioner's confinement from the disciplinary conviction, *i.e.*, the loss of commissary and recreational privileges and the reduction of class line status, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Malchi,* 211 F.3d at 959 (right to particular time-earning status). Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty interest, his claims do not implicate due process concerns.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the disciplinary sanctions imposed in this case do not implicate a liberty interest, petitioner is not entitled to federal habeas relief on his due process claims. Therefore, the Court will dismiss this habeas petition and deny all pending motions.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001. A district court may deny a certificate of appealability, *sua sponte*, without requiring further

briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. The pending habeas petition is DISMISSED with prejudice.

2. A certificate of appealability is DENIED.

3. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on July 27, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE